# Commonwealth v. Berkowitz and Gramer, Appellants.

*Criminal law—Larceny—Question for jury—Remarks of counsel —Discretion of court.*

1. In a prosecution for the larceny of $8,500 from the possession of a private banker, the case is for the jury and a verdict of guilty will be sustained, where the issue raised was sharply defined and depended upon the credibility of the witnesses and the case was fairly and adequately submitted by the court.

2. A charge of the court must be considered as a whole, and, where such charge fairly and adequately submits the defendant's case, isolated portions of it will not be considered as grounds for reversible error.

3. Remarks of counsel for the prosecution, which are not excepted to during the trial, or which cannot be supposed to have prejudicially affected the defendant, are not sufficient grounds for setting aside a verdict.

Argued December 3, 1919. Appeal, No. 44, Oct. T., 1919, by defendants, from judgment of Q. S. Northampton County, on verdict of guilty in the case of Commonwealth v. Charles Berkowitz and R. Gramer, December T., 1916, No. 53. Before ORLADY, P. J., PORTER,

HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for larceny. Before McKEEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were the charge of the court and failing to withdraw a juror and continue the case because of remarks of counsel for the Commonwealth.

*Abraham Wernick,* of *Evans, Forster & Wernick,* for appellant.

*Frank B. McCluskey,* District Attorney, and *Robert S. Taylor* and *James W. Fox,* for appellee.

OPINION BY HENDERSON, J., February 28, 1920:

The defendants were convicted of the larceny of a sum of money from the private bank of Joseph Pearl, the prosecutor, from which conviction this appeal was taken. The first two assignments of error contain a criticism of the charge of the court in that it contained numerous references to the arguments by the Commonwealth's counsel and failed to refer to the positions taken by the counsel for the defendants, and also omitted to make reference to the number of disinterested witnesses testifying for the defendants as opposed to the interested testimony offered by the prosecution. The part of the charge quoted in the first assignment is in the latter part of the instruction given by the learned trial judge. It contains a reference to the testimony offered by way of defense and some rebutting evidence introduced by the Commonwealth, and states the reply of the Commonwealth to the defense introduced. Reading the whole charge, including that portion excepted to,

we are unable to accept the conclusion of the learned counsel for the appellant that it does not fairly present the defendant's case. A study of the charge in connection with the somewhat voluminous evidence clearly discloses the fact that the trial judge reviewed the case fully and fairly and without prejudice to the defense presented. The "disinterested witnesses" to whom reference is made in the second assignment did not all testify to the same facts; and as to some of them it may well be doubted whether there was any contradiction. No request was made for a reference to that subject, although at the conclusion of the charge the court asked the counsel whether they desired any further instructions. We ought not now to hold the court to have erred for neglecting to charge specifically on a subject which was not considered important by the defendants' counsel at the trial and which in no way affects the substantial merits of the case.

The third assignment cannot be sustained. The conversation referred to took place in the presence of one of the defendants, Berkowitz, and was intended to explain the employment of the latter by the prosecutor a short time before the alleged larceny. It could do no possible harm as it was admitted that the defendant worked in the prosecutor's bank for a time immediately preceding the alleged loss of the money.

No exceptions were taken to support the fourth, fifth and sixth assignments. We are unable to see that there is any foundation for complaint on account of the matters referred to. The question whether the defendant, Gramer, had been engaged in business on Broadway, New York, was deemed of some consequence by the Commonwealth, and as it developed on cross-examination his place of business was not on that street, but on a cross street some distance therefrom, the counsel for the Commonwealth undertook to secure an admission from the defendant that he had not correctly stated the fact, and it was in the course of that interrogation that the re-

marks occurred which are quoted in the fourth and fifth assignments. They were so inconsequential that we think it unnecessary to enter into the discussion of the objections raised.

The sixth assignment contains an objection to the "sarcastic" manner in which a question was put by one of the counsel for the Commonwealth. As we have nothing but the words of the counsel, we are unable to determine what the manner may have been. The examination related to a bottle containing medicine which Gramer used for some trouble of the eye. He testified that he had not the bottle with him at the time of the examination, that he had it at his hotel. Then the Commonwealth's counsel said: "Oh, just look in some more pockets." This was said by the counsel engaged in the trial for the defendants to have been "a low down way for putting a question of that kind." It did not appear to the court to be of sufficient importance to excite comment nor to the defendants' counsel to ask the protection of the court, and we of course cannot determine that the question was put in a sarcastic manner, if that were a sufficient reason for action by the court.

The seventh assignment relates to a statement of the prosecutor on cross-examination with reference to some of the work done by Berkowitz on his bank books. He was asked by one of the defendants' counsel: "Are those books here?" To which he replied: "No." He was then asked: "You only brought the one book that he wrote in on December 14?" To which the witness replied: "Because he stole it." Thereupon a motion was made that the answer be stricken from the record and a juror be withdrawn. The court granted the motion to strike out the latter part of the witness' answer and instructed the jury to pay no attention whatever to it but refused to withdraw a juror. When we consider that the defendants were tried for the larceny of $8,500, and that direct testimony had been given tending to show their guilt, it can hardly be supposed that the unsolicited explana-

tion of the prosecutor as to why his books were not there influenced the jury to the prejudice of the defendants.

The eighth assignment is unimportant. The examination related to conditions found in the bank when Michael Pearl, son of the prosecutor, came there immediately after Berkowitz and Gramer went out; at which time, according to the statement of the witness, his father "partially came to his senses and said: 'Where is Gramer, and where is Berkowitz?'" As the witness had just testified that he saw the defendants coming from the bank immediately before he entered it, the statement conveyed no information to him nor did the inquiry amount to an accusation against the defendants. It was wholly unimportant especially in view of the character of the defense presented.

The ninth and tenth assignments relate to inquiries which had no bearing on the case and need not be considered.

The testimony contained in the eleventh, twelfth, thirteenth and fourteenth assignments was competent by way of contradiction. It was deemed important by the defense to show that the prosecutor visited Berkowitz at his home in Brooklyn in the forenoon of December 17, 1916, and the testimony covered by the assignments was introduced to contradict the defendant on that point. It was sought by the contradicting evidence to show that the prosecutor was in South Bethlehem. It is not contended that the testimony of Berkowitz was not competent on that subject, and that being the case it was clearly within the right of the Commonwealth to offer evidence tending to show that his statement as to the whereabouts of the prosecutor was not true.

The twentieth and twenty-first assignments complain of the action of the court in permitting the Commonwealth's counsel to state to the witness in a "sarcastic and prejudicial" manner the questions quoted, during the cross-examination of Dr. Field called as

an expert on behalf of the defendants. The questions and answers referred to were apparently intended to be humorous and were doubtless so understood by the court and jury. No objection was made to them at the time, and it is difficult to understand how they could have prejudicially affected the accused. The prosecutor was a Jew as were the defendants and the allusion in the questions and answers referred to him, not to the defendants.

The other assignments complain of the verdict and judgment of the court thereon. We have given careful consideration to all of the evidence and to the action of the court where action was called for. During the progress of the trial, the case was carefully and competently conducted on the respective sides and the counsel of the Commonwealth and defendants received the commendation of the court for the ability with which they had performed their duties. The record shows that in numerous instances irresponsive or voluntary testimony was stricken out at the request of the defendants' counsel and numerous objections to the evidence made by the defendants were sustained. To judge by the record the defendants' counsel were alert in protecting the interests of their clients. The issue presented was sharply defined and depended on the credibility of witnesses. We find no foundation, therefore, for the criticism that the verdict was capricious or against the weight of the evidence or the charge of the court. Much of the complaint of the appellants relates to matters with respect to which no exception was taken at the trial and which were not brought to the attention of the trial judge, but they were in no instance fundamental and might properly be disregarded. In view, however, of the earnest argument of the learned counsel for the appellants we have given careful attention to all of them in order that it might not seem that they had been disregarded because of any supposed oversight on the part of the counsel engaged in the trial of the case.

The assignments are overruled and the judgments affirmed and it is ordered that the defendants appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with the sentence or any part of it that had not been performed at the time their appeals were taken and made a supersedeas.